UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLOS WOODARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02813-TWP-TAB |
| ) | |
| MEGAN MORGAN, ) | |
| HENDRICKS COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Further Proceedings**

Plaintiff Carlos Woodard, a pretrial detainee at the Hendricks County Jail, filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Woodard is incarcerated, this Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a).

### I.     Motion to Proceed *In Forma Pauperis*

Mr. Woodard's motion to proceed *in forma pauperis*, dkt. [2], is **denied** as presented. He shall have through **December 15, 2021**, in which to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on November 8, 2021. *See* 28 U.S.C. § 1915(a)(2). Otherwise, he must pay the $402.00 filing fee.

### II.     Screening of the Complaint

#### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint

states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. The Complaint

Mr. Woodard names two defendants: Hendricks County Jail Commander Megan Morgan and the Hendricks County Jail ("the Jail").

According to his complaint, Mr. Woodard is a pretrial detainee at the Jail. Bond was set in the amount of $500.00 cash. Mr. Woodard has a bank card in his property with which he wants to pay the bond, but the card is incompatible with the system used by the Jail to process bond payments. Mr. Woodard asked that his bank card be released to his sister so that she could withdraw the cash and post his bond, but Jail Commander Megan Morgan and other jail staff have refused to release it saying it is against jail policy.

Mr. Woodard seeks monetary damages for false imprisonment and to be released on his own recognizance or have his charges dropped.

### C. Discussion

Mr. Woodard alleges violations of his right to due process under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth

Amendment. Because Mr. Woodard is a pretrial detainee, his rights are derived from the due process clause of the Fourteenth Amendment rather than the Eighth Amendment, which applies to convicted inmates. *Hardemann v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Thus, any claim under the Eighth Amendment is **dismissed**.

Any claim against the Hendricks County Jail is **dismissed** because the jail is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Mr. Woodard makes two requests for injunctive relief: for charges against him to be dropped and to be released pretrial. To the extent Mr. Woodard seeks dismissal of his pending criminal charges, he must do so in an action for a writ of habeas corpus rather than a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). However, a claim for injunctive relief **shall proceed** to the extent that it concerns Mr. Woodard's ability to access the funds needed to post bail.

A Fourteenth Amendment due process claim **shall proceed** against Megan Morgan in her individual and official capacities. *See Miller v. Smith,* 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity.").

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Woodard believes that additional claims were alleged in

the complaint, but not identified by the Court, he shall have **through December 15, 2021**, to identify those claims.

### III.     Service of Process

The **clerk is directed to terminate** Hendricks County Jail as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendant Megan Morgan in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], exhibits, dkt. [1-1], brief in support, dkt. [1-3], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to send a courtesy copy to attorney Liberty Roberts. Due to the pressing nature of Mr. Woodard's complaint, the Court requests that the magistrate judge set this matter for a telephonic status conference once counsel for the defendant has appeared.

### IV.     Conclusion

Mr. Woodard's motion to proceed *in forma pauperis*, dkt. [2], is **denied** as presented. Mr. Woodard may renew his motion by submitting a copy of his trust account transactions.

A Fourteenth Amendment due process claim **shall proceed** against Jail Commander Megan Morgan in her individual and official capacities. All other claims are **dismissed**.

**IT IS SO ORDERED.**

Date:   11/15/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CARLOS WOODARD
Hendricks County Jail
PO Box 87
Danville, IN 46122

Megan Morgan
Hendricks County Jail
PO Box 87
Danville, IN 46122

Courtesy Copy to:

Liberty L. Roberts
Church Church Hittle & Antrim
Two North Ninth St.
P.O. Box 10
Noblesville, IN 46061
lroberts@cchalaw.com